UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEO REMILLARD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:16-cv-516(SRU) |
| | : | |
| WARDEN CHAPDELAINE, ET AL., | : | |
| Defendants. | : | |

## <u>INITIAL REVIEW ORDER</u>

The plaintiff, Leo Remillard, is incarcerated at the MacDougall-Walker Correctional

Institution in Suffield, Connecticut ("MacDougall-Walker"). He has filed a complaint under 42

U.S.C. § 1983 against the Warden, a Deputy Warden and a Counselor-Supervisor at

MacDougall-Walker. For the reasons set forth below, the complaint is dismissed.

Pursuant to section 1915A(b) of Title 28 of the United States Code, the Court must

review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a]

complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.*

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that

includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

I.    Allegations

Remillard alleges that on November 19, 2015, he filed a complaint in this Court. *See Remillard v. Maldonado*, Case No. 3:15-cv-1714(SRU). On November 24, 2015, the Court issued a notice informing Remillard of deficiencies in his application to proceed *in forma pauperis*. *See id.*, Doc. No. 6.

Remillard alleges that on November 25, 2015, he filed a second complaint in this Court. *See Remillard v. Semple*, Case No. 3:15-cv-1741(SRU). On December 2, 2015, the Court issued a notice informing Remillard of deficiencies in his application to proceed *in forma pauperis*. *See id.*, Doc. No. 6.

Remillard contends that he did not receive either Notice in time to respond. The Court dismissed both cases in late January 2016 due to his failure to correct the deficiencies in his applications to proceed *in forma pauperis*. *See Remillard,* Case No. 3:15-cv-1714(SRU), Doc. No. 7; *Remillard,* Case No. 3:15-cv-1741(SRU), Doc. No. 7. On February 10, 2016, Counselor Supervisor Blanchard called Remillard to his office and gave him multiple notices of court orders entered in both of his federal cases, including the notices dismissing both cases in January

2

2016. Remillard wrote to Warden Chapdelaine and Deputy Warden Mudano regarding the delays in receiving orders and notices from the federal court. They did not respond.

In mid-March 2016, Remillard filed motions to reopen both cases. *See Remillard,* Case No. 3:15-cv-1714(SRU), Doc. No. 8; *Remillard,* Case No. 3:15-cv-1741(SRU), Doc. No. 8. The Court subsequently granted the motions to reopen as well as Remillard's applications to proceed *in forma pauperis* in both cases. *See Remillard,* Case No. 3:15-cv-1714(SRU), Doc. No. 11; *Remillard,* Case No. 3:15-cv-1741(SRU), Doc. No. 10.

II.   <u>Analysis</u>

Remillard's allegations regarding the delay in receiving notices and orders from the federal court may be construed as a claim of denial of access to the courts. It is well settled that inmates have a First Amendment right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977), *modified on other grounds by Lewis v. Casey*, 518 U.S. 343, 350 (1996). To state a claim for denial of access to the courts, Remillard is required to demonstrate that he suffered an actual injury as a result of the conduct of the defendants. *See Lewis*, 518 U.S. at 353. To establish an actual injury, Remillard must allege facts showing that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts. *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997), *cert. denied*, 525 U.S. 823 (1998).

Although the delay in receipt of the notices setting forth deficiencies in Remillard's applications to proceed *in forma pauperis* resulted in the dismissals of both actions, the dismissals were without prejudice. Remillard concedes that he moved to reopen both cases and

that the Court granted those motions. In addition, the Court granted Remillard leave to proceed *in forma pauperis* in both actions. *See Remillard,* Case No. 3:15cv1714(SRU), Doc. No. 11; *Remillard,* Case No. 3:15cv1741(SRU), Doc. No. 10. Thus, Remillard has not alleged that the delay in receipt of court notices and orders prejudiced his pursuit of either lawsuit. In fact, Remillard's only real complaint is that he suffered undue stress because he was required to take steps to reopen his cases. Accordingly, Remillard does not meet the actual injury requirement set forth in *Lewis*. Remillard's claim regarding denial of access to courts is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

The Court enters the following orders:

**(1)** The claims against all defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). If Remillard chooses to appeal this decision, he may not do so *in forma pauperis* because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**(2)** The Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED at Bridgeport, Connecticut this 1st day of June 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

4